Andrew F. Pierce (State Bar No. 101889)
Gretchen Birkheimer (State Bar No. 222184)
PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110
Redwood City, CA 94061
Phone: (650) 843-1900
Fax:   (650) 843-1999
Email: apierce@pierceshearer.com
       gbirkheimer@pierceshearer.com

Attorneys for Plaintiff
BALAKANAPATHY RAJARATNAM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALAKANAPATHY RAJARATNAM,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff BALAKANPATHY RAJARATNAM hereby alleges as follows:

## JURISDICTION AND VENUE

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because the subject matter of Plaintiff's claim is premised on the American Reinvestment and Recovery Act of 2009, Public Law 111-5, 123 Stat. 115 (Feb. 17, 2009) (hereafter "ARRA"), as hereinafter more fully appears. Supplemental jurisdiction of Plaintiff's state law claims set forth herein are premised on 28 U.S.C. §1367.

2.   Venue as to all claims for relief asserted by this Complaint is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

///

## PARTIES

3. Plaintiff BALAKANPATHY RAJARATNAM ("Plaintiff") is, and at all times relevant hereto has been, a resident of the State of California, County of Santa Clara. From March 28, 2008 through the date of the filing of this complaint, Plaintiff has been employed as an Assistant Professor of Statistics and Assistant Professor of Earth System Science at Leland Stanford Junior University in the County of Santa Clara, State of California.

4. Defendant The Board of Trustees of the Leland Stanford Junior University (hereafter "Stanford") is a corporate trust organized under the laws of the State of California, doing business in the County of Santa Clara, California.

## PROCEDURAL BACKGROUND

5. In or about April, 2015, Plaintiff filed a complaint with the Office of the Inspector General of the National Science Foundation, alleging that Stanford had improperly sanctioned and effectively discharged Plaintiff in reprisal for Plaintiff's report of the misuse of federal funds in an ARRA-funded research paper (hereafter "Reprisal Complaint").

6. The OIG and Plaintiff agreed to a six-month extension of time for the OIG to issue its report the Reprisal Complaint to the head of the National Science Foundation.

7. On or about September 28, 2016, the OIG issued its report on the Reprisal Complaint.

8. On or about November 3, 2016, the National Science Foundation issued its final decision on Plaintiff's reprisal complaint in accordance with section 1553 of ARRA.

9. All conditions precedent to filing a suit have been performed or have occurred.

## ALLEGATIONS COMMON TO ALL COUNTS

10. In or about March, 2010, Plaintiff and a co-author submitted a paper funded by an NSF grant under ARRA to the journal Annals of Statistics. Tony Cai, a co-editor of the journal, acknowledged receipt of the article and requested some revisions, which Plaintiff considered. In November, 2010, Cai notified Plaintiff that the journal was rejecting the article.

11. Plaintiff subsequently learned that in June, 2010, Cai co-authored a paper

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
PHONE (650) 843-1900 • FAX (650) 843-1999

1  addressing the same problem as Plaintiff's paper and containing the same results as Plaintiff's
2  paper, and submitted Cai's paper to the Annals of Statistics for publication.

3      12.   In January, 2011, Plaintiff and his co-author submitted the paper to a second
4  journal, which accepted it without substantial revisions. Unbeknownst to Plaintiff, Tiefeng
5  Jiang, one of the reviewers of Plaintiff's article at the second journal, had co-authored the
6  June 2010 paper with Cai.

7      13.   In February, 2011, Cai and Jiang published a supplement to their June 2010
8  article addressing the same problem as Plaintiff's paper and containing the same results as
9  Plaintiff's paper. The Cai-Jiang paper acknowledged that it had been funded by ARRA
10 grants.

11     14.   Plaintiff reported Cai and Jiang's actions to the Institute of Mathematical
12 Statistics ("IMS"), which undertook an investigation in August 2011 concerning whether Cai
13 had a conflict of interest or at least an appearance of conflict of interest when he reviewed and
14 suggested revisions to Plaintiff's paper without disclosing to Plaintiff that he was working on
15 a paper concerning the identical problem and submitting his own paper for publication while
16 rejecting Plaintiff's paper. IMS appointed Stanford Professor Iain Johnstone to conduct the
17 investigation.

18     15.   In or about October, 2011, Johnstone issued a report finding no conflict of
19 interest or appearance of conflict of interest. However, the report contained redactions from
20 correspondence between Johnstone and Plaintiff in which Johnstone had conceded that Cai
21 should not have reviewed Plaintiff's paper. As a result of Johnstone's report, IMS closed the
22 investigation, and Cai and Jiang are generally considered in the field to have been the first to
23 publish the results.

24     16.   In direct conversation with Plaintiff, Johnstone warned Plaintiff to keep the
25 plagiarism allegations quiet if Plaintiff wanted to stay at Stanford "in the long run" and that if
26 Plaintiff pursued the allegations he would "win the battle but lose the war."

27     17.   In or about March, 2012, Plaintiff reported his plagiarism allegations against
28 Cai and Jiang, and the ensuing cover-up by Johnstone, to the then-Chair of the Statistics

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
PHONE (650) 843-1900 • FAX (650) 843-1999

Department at Stanford. In January, 2013, Plaintiff met with Stanford Dean Pamela Matson about the plagiarism and cover-up allegations. Dean Matson referred Plaintiff to the University's Research Compliance Officer, Kathy McClelland, who declined to investigate the allegations against Cai and Jiang because they were not Stanford faculty. In May, 2013, Plaintiff spoke with Stanford Associate Dean of Earth Sciences Sue Crutcher, reporting that Johnstone had threatened Plaintiff to stay quiet about the plagiarism allegations.

18.   Stanford did not investigate or take any action against Johnstone, who is and at all relevant times herein was a Stanford faculty member, as a result of Plaintiff's reports.

19.   On September 27, 2013, one of Plaintiff's graduate student advisees, who had previously made romantic and sexual overtures toward Plaintiff and been rebuffed, complained to Stanford officials that Plaintiff had sexually harassed him. Stanford commenced an investigation of the student's complaint in or about October, 2013.

20.   The individual charged with conducting the investigation was Dean Richard Saller, a close personal friend of Johnstone. Johnstone had served as the Vice-Dean of the School of Humanities alongside Dean Saller for some time. The investigation of the student's complaint was not conducted in accordance with the procedures set forth in Stanford's Statement on Faculty Discipline, as was required for any complaint of sexual harassment against a faculty member. Under Saller's direction, the investigation ranged far afield of the student's initial complaint, including pointed questioning regarding Plaintiff's plagiarism allegations against Cai and Jiang. On January 22, 2014, Saller and Dean Matson issued a letter of findings from the investigation. The letter contained numerous personal slurs against Plaintiff and purported to impose disciplinary sanctions against Plaintiff prohibiting him from mentoring graduate students.

21.   Without graduate student advisees to mentor and collaborate with, Plaintiff is unable to conduct significant research activity. Plaintiff was up for tenure

22.   Plaintiff appealed Saller and Matson's decision to then-Stanford Provost John Etchemendy, alleging that Saller was biased against Plaintiff based on Plaintiff's reports of Johnstone's cover-up of the plagiarism by Cai and Jiang, and that Saller had used an

COMPLAINT    4    Case No.

unfounded and uncorroborated student complaint as a pretext for retaliating against Plaintiff for Plaintiff's allegations against Johnstone. Etchemendy considered Plaintiff's allegations for several months, and in or about January 2015, issued a letter of findings upholding Saller's sanction prohibiting Plaintiff from working with any new graduate students.

23. In March, 2015, Plaintiff appealed Etchemendy's decision to then-Stanford President John Hennessey.

24. On March 4, 2015, the Chair of the Statistics Department notified Plaintiff that his tenure review process was beginning.

25. In or about April, 2015, Plaintiff filed an online Whistleblower report against Stanford with the Office of the Inspector General of the National Science Foundation, contending that Stanford's actions constituted unlawful reprisal against Plaintiff in violation of the ARRA Whistleblower provisions.

26. In or about March, 2016, Hennessey denied Plaintiff's appeal and ordered the January 2014 Saller and Matson letter and the January 2015 Etchemendy letter to be placed in Plaintiff's tenure file.

27. In or about October, 2016, with uncomplimentary letters from Hennessy, Etchemendy, and Saller and Matson appearing in Plaintiff's tenure file, and with knowledge that Plaintiff had been prohibited from working with graduate students pursuant to directives in those letters, faculty members in the Department of Statistics and Department of Earth and System Sciences voted to deny Plaintiff's tenure application.

## FIRST CAUSE OF ACTION
### Violation of ARRA, §1553
### (Against Stanford)

28. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

29. The ARRA makes unlawful for any non-Federal employer receiving covered funds under ARRA to discharge, demote, or otherwise discriminate against an employee as a reprisal for disclosing information to a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover,

COMPLAINT            5            Case No.

or terminate misconduct) that the employee reasonably believes is evidence of an abuse of authority or violation of a regulation relating to covered funds.

30. When Plaintiff reported his plagiarism and cover-up allegations to senior Stanford officials in 2011 and 2012, Plaintiff had a reasonable belief that Cai and Jiang had engaged in a misuse of ARRA funds by plagiarizing Plaintiff's and his co-author's March 2010 paper, and that Johnstone had aided and abetted this misuse by covering up evidence of the plagiarism.

31. Stanford is and at all relevant times herein has been a non-Federal employer and a recipient of federal research grants under ARRA.

32. Stanford unlawfully discriminated against Plaintiff in reprisal for Plaintiff's report of Cai, Jiang and Johnstone's misuse of ARRA funds by, inter alia, subjecting Plaintiff to extraordinary sanctions purporting to have been based on an uncorroborated and thoroughly refuted complaint from a troubled graduate student, in violation of Stanford's own faculty discipline policies. Such sanctions include, without limitation, prohibiting Plaintiff from taking on any new graduate students as advisees and mentees or recruiting new graduate students to join Plaintiff's research group, publishing highly colored and personally malicious letters regarding the student complaint to Plaintiff's tenure file, with the fully foreseeable result that Plaintiff's tenure application was denied and Plaintiff has been forced to seek less prestigious employment elsewhere.

33. As a result of Stanford's actions set forth hereinabove, Plaintiff has suffered harm to his reputation; lost wages and employment benefits; and emotional stress, anxiety and humiliation, all to Plaintiff's detriment.

WHEREFORE, Plaintiff prays for judgment as set forth below:

1) For compensatory (special) damages, including without limitation, lost wages (including back pay and front pay and employment benefits) according to proof;

2) For general damages, including without limitation, for mental and emotional distress according to proof;

3) For reasonable attorneys' fees pursuant to, without limitation, those provided by Public Law 111-5, 123 Stat. 115 (Feb. 17, 2009) §1553(c)(3);

4) For costs of suit incurred herein;

5) For an award of interest, including prejudgment interest, at the legal rate; and

6) For such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff Balakanapathy Rajaratnam hereby demands a trial by jury of all issues pursuant to Rule 38 of the Federal Rules of Civil Procedure and Public Law 111-5, 123 Stat. 115 (Feb. 17, 2009) §1553(c)(3).

Dated: December 30, 2016

PIERCE & SHEARER LLP

By: *[signature]*
Andrew F. Pierce
Gretchen E. Birkheimer
Attorneys for Plaintiff
BALAKANPATHY RAJARATNAM

PIERCE & SHEARER LLP
2055 Woodside Road, Suite 110, Redwood City, CA 94061
PHONE (650) 843-1900 • FAX (650) 843-1999

COMPLAINT                             7                             Case No.